IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLIFFORD S. SHEPHERD,

      Plaintiff,

v.                                                      CV 12-0351 WPL/CG

PRECISION DRILLING CO., L.P.,

      Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Clifford Shepherd filed this lawsuit alleging racial discrimination in the work place pursuant to Title VII of the Civil Rights Act of 1964 in April 2012. (Doc. 1.) After discovery closed, Defendant Precision Drilling Company, L.P. moved for partial summary judgement. (Doc. 46.) In response, Shepherd moved to amend his complaint such that all of his claims would be brought under both Title VII and 42 U.S.C. § 1981. (Doc. 52; Doc. 57.) Precision Drilling opposes the motion as untimely and prejudicial. (Doc. 63.) Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties consented to have me serve as the trial judge in this matter and to resolve all dispositive motions. Having considered the facts and relevant law, I deny Shepherd's motion to amend.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 15 governs amendments to pleadings, and Federal Rule of Civil Procedure 16 governs amendments to scheduling deadlines, including deadlines to amend pleadings. When the deadline for amending pleadings set in the scheduling order has passed, and a party moves to amend a pleading, both rules are implicated. The Tenth Circuit has

expressly declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline has passed must meet the requirements of Rule 15 or Rule 16. *See Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009); *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). In the absence of a directive from the Tenth Circuit, it is not uncommon for district courts to consider *both* standards when deciding a motion to amend a complaint filed after the scheduling order deadline. *See, e.g., Squires v. Goodwin*, No. 10-cv-00309-CBS, 2012 U.S. Dist. LEXIS 2353, *7-8 (D. Colo. Jan. 9, 2012) (holding when ruling on a motion to amend "the court must consider the interplay between Rule 15(a) and Rule 16(b)(4)."); *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 U.S. Dist. LEXIS 49442, at *9-11 (D. Kan. June 11, 2009) (applying a two-step analysis based on Rule 16(b) and Rule 15(a) when a motion to amend is filed past the scheduling order deadline); *Miller v. Union Pac. R.R.*, No. 06-2399-JAR-DJW, 2008 U.S. Dist. LEXIS 69625, at *4-5 (D. Kan. Sept. 12, 2008) (same).

A plaintiff may amend his or her complaint prior to trial with leave of the court. *See* FED. R. CIV. P. 15(a)(2). Leave of the court should be given freely unless the amendment would cause undue delay, prejudice the opposing party, or the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Undue delay alone, absent a showing of prejudice, is a sufficient ground for denial of a motion to amend by the trial court. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) (citations omitted). "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). This circuit has found that a delay of

seven months after the deadline to file amended pleadings, *see Compton v. Rent-A-Center*, *Inc.*, 350 F. App'x 216, 220 (10th Cir. 2009) (unpublished), and one year after the initial pleading was filed constituted undue delay, *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998).

In considering whether the motion is untimely, the court should also consider whether the movant can provide an adequate explanation for the delay. *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995); *see also McKnight*, 149 F.3d at 1130 (denying a motion to amend where the "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint," but he still had "offered no explanation for the undue delay."); *Frank v. U.S. West,* 3 F.3d 1357, 1365-66 (10th Cir. 1993). Even when a motion to amend is based on newly discovered information, it is important for the motion to be made in a timely fashion. *Myers v. Alliance for Affordable Servs.*, 371 F. App'x 950, 960 (10th Cir. 2010) (unpublished) (holding a delay of six months between discovering new information and moving to amend was untimely).

A court may reopen discovery or modify a scheduling order upon a showing of "good cause." FED. R. CIV. P. 16(b)(4); D.N.M.LR-Civ. 16.1. "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (citations omitted). Ultimately, the decision to grant or deny such motion is committed to the trial court's discretion. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted).

**DISCUSSION**

Shepherd filed a motion to amend his complaint such that all claims are brought under both Title VII and 42 U.S.C. § 1981. (Doc. 53; Doc. 57.) He filed his motion seven months after the July 30, 2012, deadline for him to amend pleadings had passed (Doc. 15 at 1; Doc. 20) and concurrent with his response to Precision Drilling's motion for partial summary judgment (Doc. 46; Doc. 51). In support of his motion, Shepherd relies on the deposition testimony from two Man Welding employees regarding racist comments made about and to him. (Doc. 53 at 2.) While Shepherd does not explicitly argue that he only became aware of the facts to support the claim until he took these depositions, it is implied. (*Id.*) He also stresses that since the elements of a Title VII claim and § 1981 claim are identical, there will be no harm to Precision Drilling. (*Id.* at 3; Doc. 67 at 5.) In the event that the motion is denied, Shepherd requests permission to file a separate cause of action in order to raise the § 1981 claims. (Doc. 53 at 3.)

Precision Drilling opposes the motion on a number of grounds. It argues that Shepherd has met neither the liberal Rule 15 standard for amendment because of undue delay, nor the Rule 16 standard for amending the deadlines contained in a scheduling order because Shepherd has not been diligent. (Doc. 63 at 4-7.) It claims that the motion is untimely and would result in prejudice. (*Id.* at 1.)

Precision Drilling argues that this motion should be considered pursuant to Rule 16, amendment of a scheduling order, and not Rule 15, amendment of a pleading. As previously discussed, it is unclear whether Rule 16 in fact trumps Rule 15 in this situation, but this is of little importance here since Shepherd has met neither. Beginning with Rule 15, I believe that there is undue delay in the filing of the instant motion. Almost a year has passed since this case was filed, the deadline for Shepherd to amend his pleadings came and went seven months ago,

discovery closed, and Precision Drilling filed a motion for summary judgment before Shepherd moved to amend.

Shepherd does not acknowledge the delay in either his motion or his reply. His discussion of the deposition testimony that supports a § 1981 claim of discrimination and the similarity between Title VII and § 1981, while accurate, are insufficient for the purposes of Rule 15. The fact remains that Shepherd filed an EEOC complaint for racial discrimination and then filed a complaint for racial discrimination. He was fully aware from the beginning of the lawsuit of the facts to support his claims for racial discrimination.[1] Yet, he offers no explanation as to why he has only now moved to include claims which would have been appropriate to include at the outset.

Precision Drilling highlighted the absence of such an explanation in its response. (Doc. 63 at 4, 7.) Despite the challenge to the sufficiency of his motion, Shepherd still did not address the matter in his reply. (Doc. 67.) Oddly, Shepherd's reply brief correctly recites the legal standard for motions to amend, acknowledging that undue delay alone is a sufficient basis for denying a motion to amend (*see id.* at 3, 4), especially when the plaintiff is aware of the factual basis for the amendment but fails to timely move to amend (*id*. at 4-6). Although he is clearly aware that undue delay presents a substantial obstacle to a motion to amend, he merely concludes that his motion should be granted in order to promote judicial economy. (*Id.* at 5.)

Absent any explanation, the timing of the amendment reflects poorly on Shepherd. Precision Drilling raised exhaustion in its motion for partial summary judgment. (Doc. 46 at 3.) By Shepherd's own admission, by adding the § 1981 claims to his complaint, he avoids the

---

[1] Precision Drilling notes that the same deponents that provided the testimony regarding racial comments had drafted affidavits in support of Shepherd's EEOC charge prior to the commencement of the lawsuit. (Doc. 63 Ex. B at 4; Doc. 63 Ex. C at 4; Doc. 63 Ex. D at 3-4.)

exhaustion requirements that are inherent in Title VII suits. (Doc. 51 at 1.) The seven-month delay appears to be the fruit of forgetfulness; Shepherd forgot to amend and include § 1981 until he was faced with summary judgment.

Turning to Federal Rule of Civil Procedure 16, for the same reasons discussed above, Shepherd has failed to show that he was diligent in litigating the case. Had Shepherd been diligent, this amendment would have been made long ago; in fact, § 1981 should have been included in his original complaint.

Finally, I must address Shepherd's comment that he should be allowed to file a second cause of action based on § 1981 since the statute of limitations has not run. (Doc. 53 at 2.) While I have no reason to bar Shepherd from filing lawsuits, Precision Drilling has correctly noted the procedural issues inherent in such a proposition. (Doc. 63 at 9 ("Res judicata precludes parties from 'relitigating issues that were or could have been raised in the prior action.'" (quoting *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1991))).) However, I am prohibited from giving advisory opinions, *see United States v. Chavez-Palacios*, 30 F.3d 1290, 1292-93 (10th Cir. 1994), so I will not speculate on the impact the present case would have on any potential litigation by Shepherd.

## CONCLUSION

Shepherd's motion is untimely, and he offers no explanation as to why he did not include § 1981 in his original complaint, let alone why he failed to amend before the July 30, 2012, deadline. Accordingly, I deny his motion (Doc. 53) and strike his amended complaint (Doc. 57). Because Shepherd's response to Precision Drilling's motion for partial summary judgment relied on his amended complaint, I will permit him to withdraw his response brief (Doc. 51) and file a

new response brief by **March 28, 2013**. Precision Drilling may withdraw its reply (Doc. 65) and file a new reply no later than **April 4, 2013**.

    IT IS SO ORDERED.

                                                                           _____

                                                            William P. Lynch
                                                            United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.