IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLIFFORD S. SHEPHERD,

       Plaintiff,

vs.                                     Case No. 2:12-cv-00351-WPL-CG

PRECISION DRILLING
COMPANY, L.P.,

       Defendant.

## PRETRIAL ORDER

       This matter is before the Court pursuant to Fed. R. Civ. P. 16.  The parties conferred and submit the following Pretrial Order.

## I.  APPEARANCES

Attorneys who will try the action:

    For Plaintiff        MAX HOUSTON PROCTOR, Esq.
                              728 West Silver
                              Hobbs, New Mexico 88240
                              (575) 392-1521 Telephone
                              (575) 392-1522 Facsimile

                              Dick A. Blenden, Esq.
                              208 West Stevens Street
                              Carlsbad, New Mexico 88220
                              (575) 887-2071 Telephone
                              (575) 887-2071 Facsimile

    For Defendant       R. Shawn Oller
                              LITTLER MENDELSON, P.C.
                              2425 East Camelback Road, Suite 900
                              Phoenix, AZ  85016
                              602.474.3600 (Telephone)
                              602.957.1801 (Facsimile)
                              soller@littler.com

Charlotte Lamont
LITTLER MENDELSON, P.C.
6565 Americas Parkway NE, Suite 200
Albuquerque, NM  87110
505.244.3115 (Telephone)
505.244.3116 (Facsimile)
clamont@littler.com

## II.  JURISDICTION AND RELIEF SOUGHT

**A.  Subject Matter Jurisdiction.**

**1.  Was this action removed or transferred from another forum?** ____Yes  _X_  No.

If yes, was the action removed or transferred?

_____  Removed        _____  Transferred        _____  Original forum

**2.  Is subject matter jurisdiction of this Court contested?**

_X_  Uncontested      _____  Contested        _____  Party contesting

**3. Asserted basis for jurisdiction.**

_X_  Federal Question      _____  Diversity       _____  Other

Statutory Provision(s) Invoked:  Title VII of the Civil Rights Act of 1964 and 1991 (§ 42 U.S.C. 1981 Pending  Motion to Amend).

**B.  Personal Jurisdiction and Venue.**

**1. Is personal jurisdiction contested?**

_X_  Uncontested      _____  Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

**2. Is venue contested?**

_X_  Uncontested      _____  Contested        _____  Party contesting

2

**C. Are the proper parties before the Court?**

　　　X　　Uncontested　　　_____ Contested

If contested, identify each missing party or improper party and the basis for the contention:

_____

**D. Identify the affirmative relief sought in this action.**

　　1. Plaintiff seeks:　　Damages as a result of Discrimination pursuant to Title VII. § 1964, 1991, (§ 42 U.S.C. 1981 Pending Motion to Amend).

　　2. Defendant seeks: Dismissal of Plaintiff's claims with prejudice, with an award of its reasonable attorneys' fees and costs incurred herein.

### III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

　　**A. Plaintiff's claims:**

Plaintiff has sued Defendant alleging that Defendant discriminated against Plaintiff because of Plaintiff's race. Plaintiff asserts that Defendant created a hostile work environment, that Plaintiff suffered disparate treatment by Defendant, and that Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

　　**B. Defendant's defenses:** Defendant denies Plaintiff's factual allegations and legal claims. The Complaint for Damages ("Complaint"), in whole or in part, fails to state a claim upon which relief can be granted. Plaintiff's claims are barred or limited, in whole or in part, by Plaintiff's failure to mitigate his damages. Plaintiff's claims are barred to the extent Plaintiff has failed to exhaust the administrative remedies for some or all of the matters stated in the Complaint. Plaintiff has failed to allege facts sufficient to state a claim for compensatory damages, and/or any other damages or relief sought, or to justify an award of attorneys' fees or

costs.  Assuming, *arguendo*, the alleged discrimination occurred, Defendant did not know, nor should it have known, of the allegedly harassing conduct.  Defendant took reasonable steps to prevent the alleged harassment from occurring and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant.  Assuming, *arguendo*, Plaintiff's race was a motivating factor for any employment practice, Defendant would have taken the same action in the absence of Plaintiff's protected category.  Plaintiff's damages are limited by any applicable statutory cap, including but not limited to, the statutory cap set forth in 42 U.S.C. § 1981(a).  Even assuming, *arguendo*, that the alleged discriminatory conduct occurred, Plaintiff is not entitled to punitive damages because the alleged discriminatory of Defendant's agents was contrary to Defendant's good faith efforts to comply with the law.

## IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.  Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:  Plaintiff worked for Defendant.

**B.  Contested Material Facts.**

**1.**  Plaintiff's Contentions:

This is a civil rights action, for money damages arising under Title VII The Civil Rights Act of 1964 and 1991, as Amended, 42 U.S.C. §§ 2000 e-2, 2000e-3, and § 42 U.S.C. § 1981, (Motion to Amend).  During the time the Plaintiff worked for, PRECISION DRILLING OILFIELD SERVICE, INC., the Rig members, including KOLBY HENDERSON, Driller, and ROBERT BIGHAM, discriminated against the Plaintiff, because of his race which is black, African American.  During the time that the Plaintiff worked for, PRECISION DRILLING

OILFIELD SERVICE, INC., the Plaintiff worked in a hostile environment, because of his race, that being black, African American.  The Supervisory Employees of PRECISION DRILLING OILFIELD SERVICES INC., were told of the discriminatory behavior by the Plaintiff, but Rig Manager, ROBERT BIGHAM and Driller, KOLBY HENDERSON, and Derrick Man, BRANDON DEXTER, laughed about the incidents, and cursing, and discrimination that had occurred to the Plaintiff.       The Plaintiff, CLIFFORD S. SHEPHERD, was humiliated, has suffered emotional distress, was made to work in a hostile work environment, and generally discriminated because of his race, in violation of The Constitution of the United States.

The Plaintiff, CLIFFORD S. SHEPHERD, has suffered long term injuries as a result of his treatment by PRECISION DRILLING OILFIELD SERVICES INC.  As a result of the Plaintiff complaining to the Defendant, his supervisory employees and other employees, the Plaintiff was terminated from his employment, in violation of Title VII The Civil Rights Act of §1964 and §1991, (§ 42 U.S.C. 1981 Pending Motion to Amend Complaint).

**2.**   Defendant's Contentions:   Defendant denies Plaintiff's contentions.   Plaintiff abandoned his job by leaving during the middle of his shift after he requested a transfer to another drilling rig.  Defendant did not discriminate against Plaintiff on the basis of his race, or any other basis.  Plaintiff has failed to mitigate his damages.  Plaintiff's mental distress, if any, was caused by persons, entities and situations other Defendant.  Please also see Defendant's Defenses set forth above.

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?  No.**

  Yes      X   No

**If yes, identify the applicable law.** _____.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

   1.  Plaintiff filed an Amendment to the Complaint pursuant to Rule 15 (B), to include cause of action pursuant to §§ 1981.  See Motion to Amend Complaint, pending before the    Court.

   2.  Defendant:  This is a case brought solely under Title VII of the Civil Rights Act of 1964 and 1991.  Plaintiff has filed an untimely and Motion to Amend Complaint for Damages [Doc. 52, filed 03/01/13], which the Court should deny for the reasons set forth in Defendant's Response to Motion to Amend Complaint for Damages [Doc. \_\_\_\_, filed 03/13/13].

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

   1.  Plaintiff – § 42 U.S.C. 1981 Pending Motion to Amend Complaint.

   2.  Defendant:  Defendant denies any violation of Title VII of the Civil Rights Act of 1964 and 1991 with respect to Plaintiff.  Defendant opposes Plaintiff's Motion to Amend Complaint for Damages to add claims under 42 U.S.C. § 1981 because it is untimely, Plaintiff has no adequate explanation for not timely filing the motion, and because there is no good cause to grant the motion under Fed. R. Civ. P. Rules 15 and 16.

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

   1.  Plaintiff    Motion to Amend Complaint, filed on March 1, 2013.

   2.  Defendant:  Motion for Partial Summary Judgment [Doc 46, filed 02/15/13].

**B.  Motions which may be filed:**

    **1.** Plaintiff - None

    **2.** Defendant:  Motions in Limine.

The briefing package must be complete and filed with the Court by May 13, 2013.

## VIII.  DISCOVERY

**A.  Has discovery been completed?**  _X_   Yes      _____  No

If no, discovery terminates on  _____.

**B.  Are there any discovery matters of which the Court should be aware?** None, except for discovery issues which might be appropriate if Motion to Amend Complaint is granted.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.  Plaintiff's Witnesses:**

    **1.** Plaintiff will call or have available at trial the following witnesses:

Clifford S. Shepherd
1721 Cattle Call
Hobbs, New Mexico 88240
Factual Witness, will testify as to the facts and his damages, and the racial discrimination and hostile work environment.

Todd Martin – Conoco Phillips
1919 Smith Street – 6th Floor
Houston, Texas 77002
Factual Witness, will testify as to the facts and his damages, and the racial discrimination

and hostile work environment.

Tim Bryant- Man Welding
307 West Water Ave
Lovington, New Mexico 88260
Factual Witness, will testify as to the facts, and the racial discrimination and hostile work environment.

Karen Pleasant
1418 E. Skelly
Hobbs, New Mexico 88240
Will testify as to the injuries suffered by the Plaintiff as a result of the incidents.

Dr. Will Parsons
304 South Lea Avenue
Roswell, New Mexico 88203
Will testify as to the emotional and psychological injuries suffered by the Plaintiff as a result of the incidents.


**2.** Plaintiff may call the following witnesses:

Kevin Nevell-CEO Precision Drilling Oilfield Services
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the racial discrimination and hostile work environment.

Shannon Hollingsworth–Human Resources Director
113 Line Street
Weatherford, Texas
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the racial discrimination and hostile work environment.

Kolby Henderson – Driller
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the racial discrimination and hostile work environment.


Robert Bigham – Driller
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the facts, and the racial discrimination and hostile work

environment.

Brandon Dexter – Derrick Man
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the facts, and the racial discrimination and hostile work environment.

Nathan Chesser – Supervisor
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the facts, and the racial discrimination and hostile work environment.

Lucus Jankowski – Rig Manager
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the facts, the racial discrimination and hostile work environment.

Johnny Swindle – Rig Employee
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the facts, and the racial discrimination and hostile work environment.

Manuel Castillo – Conoco Phillips
Unknown Address
Factual Witness, will testify as to the facts, and the racial discrimination and hostile work environment.

Cedric Kitrell
Unknown Address
Employed by the Defendant, Precision Drilling Oilfield Services
Factual Witness, will testify as to the facts, and the racial discrimination and hostile work environment.

**B. Defendant's Witnesses:**

**1.** Defendant will call or have available at trial the following witnesses:

a.   Plaintiff is expected to testify regarding his claims.

b.   Lukas Jankowski, c/o counsel for Defendant.  Mr. Jankowski is expected to testify

regarding Defendant's treatment of Plaintiff, Plaintiff's abandonment of his job and the conversation he had with Plaintiff immediately prior to the time when Plaintiff walked off the job.

c. Robert Bigham, c/o counsel for Defendant. Mr. Bigham is expected to testify regarding Plaintiff's employment by Defendant, Defendant's treatment of Plaintiff, and the termination of Plaintiff's employment.

d. Elena Giannareas, Defendant's Human Resource Manager, c/o counsel for Defendant. Ms. Giannareas is expected to testify regarding Defendant's relevant policies and procedures, including but not limited to its policies regarding discrimination and color of hard hats worn by Defendant's employees.

e. Nathan Chessher, 3701 Humble CV, Austin, Texas 78730. Mr. Chessher is expected to testify regarding the working conditions on Rig 194, his work experiences with Defendant and his work experiences with Plaintiff.

f. Kolby Henderson, 202 Hickory Lane, Weatherford, Texas 76086. Mr. Henderson is expected to testify regarding the working conditions on Rig 194, his work experiences with Defendant and his work experiences with Plaintiff.

g. Any witness identified by Plaintiff and not objected to by Defendant.

**2.** Defendant may call the following witnesses:

a. Defendant will supplement this Pretrial Report if it identifies any additional witnesses that may be called at trial.

## X. TRIAL PREPARATION

A. **Exhibits.**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. The parties must file an original plus three (3) copies of the parties' " consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than **April 22, 2013**.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than **April 29, 2013**. An original plus three (3) copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph. In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

B. **Witness Lists.**

An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by **April 22, 2013**. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due by **April 29, 2013.** The objecting party must highlight those portions of the requested deposition testimony to which the party objects. Plaintiff must use a yellow highlighter and defendant must use a blue highlighter. The parties must confer about any disputes and, if unable to resolve any differences, must notify the

Court by **May 6, 2013**.

**C. Submissions for Bench Trials.**

    **1.** The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than **April 22, 2013**. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

    **2.** If requested, submit the findings of fact and conclusions of law in a format compatible with WordPerfect. Please refer to the procedures, available on our website, for electronically submitting proposed text.

## XI.  OTHER MATTERS

**A. Settlement Possibilities.**

    **1.** The possibility of settlement in this case is considered:

    __X__ Poor  _____ Fair  _____ Good  _____ Excellent  _____ Unknown

    **2.** Do the parties have a settlement conference set with the assigned Magistrate Judge?

    _____ Yes  __X__ No   If yes, when? _____

If a settlement conference has already been held, indicate approximate date. _____

Would a follow-up settlement conference be beneficial?  __X__ Yes  _____ No

    **3.** Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial? If yes, please identify. Yes, the parties would like to have a settlement conference with the assigned Magistrate Judge. If no, explain why

12

  not._____

**B. Length of Trial and Trial Setting.**

  **1.** This action is a   __X__ Bench trial   _____ Jury Trial   _____ Both

  **2.** The case is set for trial on May 20, 2013. If there is no setting, the parties estimate they will be ready for trial by _____.

  **3.** The estimated length of trial is 2 day(s).

## XII. EXCEPTIONS

## XIII. MODIFICATIONS-INTERPRETATION

  The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

  The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 19th day of March, 2013.

           Approved for Plaintiff:

          BLENDEN LAW FIRM

          *Approved 3/19/13*
          Dick A. Blenden
          208 West Stevens St.
          Carlsbad, NM 88220-5837
          575.887.2071 (Telephone)
          575.885.6453 (Facsimile)
          dblenden@pvtnetworks.net

Max Houston Proctor
728 W. Silver
Hobbs, NM  88240
575.392.1521 (Telephone)
575.392.1522 (Facsimile)
xamcaz@aol.com


Approved for Defendant:


*/s/ Charlotte Lamont*
R. Shawn Oller
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
602.474.3600 (Telephone)
602.957.1801 (Facsimile)
soller@littler.com

Charlotte Lamont
LITTLER MENDELSON, P.C.
6565 Americas Parkway NE, Suite 200
Albuquerque, NM  87110
505.244.3115 (Telephone)
505.244.3116 (Facsimile)
clamont@littler.com



Dated:  _____3/21/2013_____

_____
**HONORABLE WILLIAM P. LYNCH**
**UNITED STATES DISTRICT JUDGE**


14